IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONNIE D. WHITE, )
)
    Plaintiff, )
)
v. ) Case No. 3:05-cv-594-MJR
)
CHARLES ROPER, et al., )
)
    Defendants. )

## REPORT AND RECOMMENDATION

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Plaintiff's Motion to Intervene (Doc. 125), Plaintiff's Motion for a Temporary Restraining Order (Doc. 126); Plaintiff's Motion for a Preliminary Injunction (Doc. 126); Plaintiff's Motion for Temporary Restraining Order (Doc. 192); and Plaintiff's Motion for a Preliminary Injunction (Doc. 192). For the reasons set forth below, it is **RECOMMENDED** that each of these motions be **DENIED** and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Plaintiff, an inmate in the Tamms Correctional Center, brings this action pursuant to 42 U.S.C. § 1983, alleging a multitude of deprivations of his constitutional rights. The following counts remain following the District Court's merit review: Counts 2, 6, and 7, alleging unconstitutional use of excessive force and sexual assault; Count 4 alleging certain defendants intentionally exposed Plaintiff to Hepatitis C; Count 8 for deliberate indifference to Plaintiff's serious medical needs; and Count 12 alleging unconstitutional retaliation.

**Plaintiff's Allegations:**

In Plaintiff's Motion to Intervene[1] (Doc. 125), Plaintiff states that on September 5, 2007, Plaintiff submitted legal documents to his facility law library department to be transferred to another inmate for legal assistance, but that the law library confiscated these documents and "placed Plaintiff in legal services restriction until further notice." (Doc. 125). Plaintiff alleges that punishment by means of restrictions on access to legal materials is prohibited by Illinois law. Plaintiff requests that the Court "order Tamms staff officials to return all my confiscated legal documents." (Doc. 125).

In Plaintiff's combined Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 126), Plaintiff makes several allegations. He first states that on January 25, 2007, he was "subjected to excessive force of chemical agents by Defendants (sic) co-worker L.T (sic) Brown in which L.T (sic) Brown told Plaintiff he heard that Plaintiff was suing some of his friends on 7-3 (sic) shift." (Doc. 126). Plaintiff states that on April 3, 2007, he "experienced retaliation (sic) by [] two Defendants by Dening (sic) me yard and legal review due to filing this lawsuit against Defendants Simpson and Newell." (Doc. 126). On April 4, 2007, Plaintiff claims that Defendant Newell retaliated against him for filing his lawsuit by denying him yard time.

Plaintiff next claims that on April 21, 2007, Defendants Simpson and Mason retaliated against Plaintiff for by "putting a big blue dot finger print dot on the inside of my hot tray and telling plaintiff 'Happy Anniversary'," allegedly because on April 21, 2004, some incidents involved in Plaintiff's Complaint against these individuals occurred. Plaintiff next alleges that on April 22, 2007, he experienced retaliation by Defendant Mason, Roper, and "co-worker conspirators in Pontiac" correctional center who Plaintiff claims did not feed Plaintiff for three

---

[1] This motion is construed by the Court as a request for a preliminary injunction rather than as a request for a new party to intervene in the lawsuit, as the title of the motion might suggest.

days on orders from Defendant Roper. On May 4, 2007, Plaintiff alleges that Defendants Newell and Simpson retaliated against him by placing a black dot mark on his tray, and that Defendants Simpson and Mason but a black dot with a semi-circle around the dot on his food tray on May 31, 2007.

Plaintiff next alleges that on May 31, 2007, Defendant Roper confiscated his mattress without probable cause in retaliation for filing this lawsuit, causing him to sleep on a concrete floor. Plaintiff claims that on July 27, 2007, his legal papers were confiscated in retaliation for this lawsuit. Plaintiff further claims that on September 5, 2007, his legal papers were again confiscated and he was indefinitely placed on law library services restriction without a receipt. Plaintiff claims that this again occurred on September 14, 2007. Plaintiff seeks a Temporary Restraining Order and Temporary Injunction "requiring the defendants to return [his] property back over to him." (Doc. 126).

In Plaintiff's next combined Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 192), Plaintiff states that he went on a Court writ on April 22, 2007, to the Northern District of Illinois for three days and was subjected to retaliation that he states was "orchestrated" by Defendant Charles Roper. Specifically, Plaintiff alleges he was stripped naked before being put back into his cell, that all his belongings were confiscated from the cell, that there was blood, feces, and other matter smeared in the cell, that he was not fed for three days, and that he was sprayed with chemical agents unnecessarily after he protested for something to eat.

Plaintiff also states that "Defendants and co-worker conspirators" acted "in retiliation (sic) towards his serious episodes of mental illnesses." (Doc. 192 at 3). Plaintiff claims that there is now a psych unit at Tamms Correctional Center and that he is at a high risk of suicide if he

3

does not receive medication and psychological treatment. He states that Defendants claim he does not have a mental illness but is merely malingering. Plaintiff request (1) to be evaluated by another psychologists other than the Mental Health Doctors at Tamms, (2) to be placed in the psych unit or transferred to the Pontiac or Dixon psych units, (3) to be reevaluated for "medical protocol", (4) to receive individual and group psychotherapy sessions and activity therapy sessions, and (5) to deter Defendants and co-workers from their mistreatment and actions towards Plaintiff.

**Defendants' Response:**

Defendants respond that Plaintiff's allegations are generally without merit. They state that many of his allegations are against non-parties to this action for whom Defendants have no control over their actions. Further, they allege that Plaintiff's claim that his access to the Courts is impeded is belied by his active participation in discovery, including serving requests for admissions, requests for production of documents, and interrogatories. They also point out that Plaintiff's motions are replete with legal citation, including discussion of case law and statutes. Finally, Defendants indicate that they are unopposed to granting additional time for Plaintiff to complete discovery, if necessary, as long such deadlines are extended for all parties.

With regard to Plaintiff's requests for specific medical treatment, Defendants state that Plaintiff's motion makes clear that he is frequently either incapable of making or unwilling to make responsible decisions concerning his own health and physical safety. Despite Plaintiff's attempts to commit suicide, Defendants point out that officials have repeatedly and successfully taken measures to protect Plaintiff from himself and others. They allege that Plaintiff's preference for a different type of treatment is not evidence of any wrongdoing by Defendants, and that the public has a legitimate public interest in not allowing Plaintiff, who appears

4

incapable of making, or unwilling to make, responsible decisions concerning his own health and physical safety, to determine for himself what doctors he should see, what medicines he should be prescribed, and in what therapy he should participate. Finally, Defendants argue that Plaintiff cannot meet the required elements for issuance of a preliminary injunction, especially the likelihood of success on the merits.

## CONCLUSIONS OF LAW

**Temporary Restraining Order**

Federal Rule of Civil Procedure 65 provides specific procedures for the issuance of a preliminary injunction and a temporary restraining order ("TRO"). While listed second, a TRO can be issued without notice and by its term is temporary in nature. Rule 65(b). If a TRO is issued without notice, the matter must be set for a hearing on a motion for a preliminary injunction. Rule 65(a) states that no preliminary injunction shall be issued unless notice is given to the adverse party. In addition to this, Plaintiff must also show that he is reasonably likely to succeed on the merits, that no adequate remedy at law exists, and that will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted, and that the injunction will not harm the public interest. Joelner v. Village of Washington Park, Illinois, 378 F.3d 613, 619 (7th Cir. 2004). See also Incredible Technologies, Inc. v. Virtual Technologies, Inc., 400 F.3d 1007, 1011 (7th Cir. 2005).

If Plaintiff meets this initial burden, "then the inquiry becomes a 'sliding scale' analysis where these factors are weighed against one another." Joelner, 378 F.3d at 619. In considering a motion for a preliminary injunction, this Court can consolidate the matter with the trial on the underlying complaint. See RULE 65(a)(1). The Rule further provides for the deposit of security to compensate the defendant in the event that a TRO or preliminary injunction wrongfully

5

enjoins or restrains the defendants. RULE 65(c). Rule 65(d) also states that any order made pursuant to the rule must be specific and "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

In addition to the Federal Rules, Plaintiff's motion is governed by the Prisoner Litigation Reform Act of 1997. 18 U.S.C. §3626(a). Under the PLRA, preliminary injunctive relief can only be ordered if the relief is "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2). The burden is upon the plaintiff to show that he is entitled to a TRO or a preliminary injunction. See Boucher v. School Board of the School District of Greenfield, 134 F.3d 821, 823 (7th Cir. 1998).

In this case, Plaintiff is not entitled to a TRO. This is because his request for a TRO has been de facto converted into a motion for a preliminary injunction as the respondent is on notice of the request and has been given an opportunity to respond. See Doe v. Village of Crestwood, Illinois, 917 F.2d 1476, 1477 (7th Cir. 1990). Therefore, because the Court will rule on the merits of Plaintiff's complaint in its determination as to whether he should be granted a preliminary injunction, the Court **RECOMMENDS** that the request for a temporary restraining order be **DENIED**.

**Preliminary Injunction**

In order to grant a request for a preliminary injunction, the Court must first find that there is a continuing violation of federal law. Al-Alamin v. Gramley, 926 F.2d 680, 685 (7th Cir. 1991); Green v. Mansour, 474 U.S. 64, 71 (1985). Only then would the Court determine whether Plaintiff has shown that he is reasonably likely to succeed on the merits, that no adequate remedy

6

at law exists, and that will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted, and that the injunction will not harm the public interest. Joelner, 378 F.3d at 619.

Plaintiff has also failed to meet his burden of showing that he is entitled to a preliminary injunction. Plaintiff has not shown that he is reasonably likely to succeed on the merits, that no adequate remedy at law exists, and that he will suffer irreparable harm. Further, many of the allegations Plaintiff makes fail to show a continuing violation. Finally, the remedies Plaintiff's seeks often involve third parties who are not defendants to this action.

Plaintiff first requests that the Court order Tamms staff officials to return all his confiscated legal documents (Doc. 125). However, Plaintiff fails to name a single defendant as being involved in confiscation of his materials. Further, the Illinois Department of Corrections is not a party to this action, and the Court's jurisdiction is, therefore, limited. Next, Plaintiff requests generally that the Court order "Defendants [to] stop their actions and return back his property that they has (sic) confiscated without probable cause." (Doc. 127). The only specific allegations against individual defendants detailed in Plaintiff's motion are that Defendant Newell denied Plaintiff yard time and that Defendants Simpson and Mason put a "big blue dot finger print dot" on the inside of his hot tray and telling Plaintiff "Happy Anniversary." (Doc. 126). There has been no showing that this is the type of continuing violation that would support a preliminary injunction. Further, there is also no reason to believe that these actions have or will likely lead to irreparable harm that necessitate a preliminary injunction.

Plaintiff also alleges that Defendant Mason, Roper, and "co-worker conspirators" denied him food and housed him in unsanitary conditions while he was on a court writ to Pontiac Correctional Facility. Plaintiff fails to provide enough detail for the Court to assess which of the

7

alleged actions are attributable to Defendants Mason or Roper and which are alleged against their "co-worker conspirators," stating only that Defendant Roper "orchestrated" this retaliation. Plaintiff fails to provide any details or evidence to support such an allegation—certainly not enough to convince this court that a preliminary injunction is warranted. Further, given that Plaintiff's stay at Pontiac was for three days on a court writ, this is not the type of continuing violation that would justify a preliminary injunction.

Finally, Plaintiff makes several allegations and requests regarding his mental health treatment. Plaintiff's allegation that "Defendants and co-worker conspirators" acted in retaliation "towards his serious episodes of mental illnesses" does not state a constitutional violation consistent with the allegations of retaliation in this suit. Plaintiff appears to allege here that he was retaliated on the basis of his mental illness—not that he was retaliated against for filing a lawsuit. If Plaintiff's allegation is true, then there might be a remedy available to Plaintiff if he were to file another civil action—but this claim does not belong in this lawsuit. And while the Court need not question Plaintiff's sincerity in alleging that he has tried to harm himself on multiple occasions, his motion clearly demonstrates that Defendants have not been passive in dealing with his threats of harm—even though Plaintiff disagrees with their response. Finally, even if the Court found a constitutional violation to be present here, the entity with the ability to grant the requests Plaintiff seeks regarding his care, the Illinois Department of Corrections, is not a defendant in this action.

For all the above reasons, the undersigned **RECOMMENDS** that Plaintiff's multiple requests for a preliminary injunction be **DENIED**.

## CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that Plaintiff's Motion to Intervene (Doc. 125), Plaintiff's Motion for a Temporary Restraining Order (Doc. 126); Plaintiff's Motion for a Preliminary Injunction (Doc. 126); Plaintiff's Motion for Temporary Restraining Order (Doc. 192); and Plaintiff's Motion for a Preliminary Injunction (Doc. 192) all be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 22, 2008**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**