IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONNIE D. WHITE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:05-cv-594-MJR |
| CHARLES ROPER, et al., | ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Rule 37 Sanctions (Doc. 136), filed by Defendants Clover, Powers, and Walton on October 24, 2007; and the Motion for Sanctions, Or In the Alternative, to Compel (Doc. 138), filed by Defendants Bernard, Blankenship, Caliper, Childers, Crippen, Hawkins, Hudson, Ivory, Martin, Mason, Mithcell, Newell, Plott, Rice, Roper, Sherrod, Simpson, Turner, Watkins, Keith Bennefield, and Robert Bennefield on October 26, 2007.[1] For the reasons set forth below, it is **RECOMMENDED** that these motions be **GRANTED IN PART and DENIED IN PART**, and that the Court adopt the following findings of fact and conclusions of law:

I.    FINDINGS OF FACT[2]

On July 6, 2007, this Court entered a Scheduling Order (Doc. 94), granted leave to depose Plaintiff on the condition that prior arrangements be made with the warden at the

---

[1] By a separate order entered this same date, the Court granted Defendant Smith's motion to adopt as his own the Motion for Sanctions (Doc. 138) and the Reply (Doc. 196). The Court also granted in that same order Defendant Vick and Massey's motion to adopt the Motion for Sanctions (Doc. 138) as their own.

[2] The undersigned discusses the factual findings of both motions for sanctions together as they both involve the same set of facts and request the same remedies.

institution where Plaintiff is confined. On October 10, 2007, Plaintiff was sent a Notice of Deposition advising him that his deposition would be taken on Tuesday, October 16, 2007, at 11:00 a.m. at the Tamms Correctional Center, where he is incarcerated.

On October 16, 2007, counsel representing all remaining defendants appeared, along with a court reporter, at the time and place designated in the Notice of Deposition, but Plaintiff failed to appear, despite arrangements having been made for him to appear at his deposition. Tamms Correctional staff informed those present for the deposition that Plaintiff refused to leave his cell and be escorted to his deposition. The officer who attempted to escort Plaintiff from his cell to the deposition, Officer Sherrard, advised those present for the deposition that Plaintiff would not appear for his deposition unless "she", presumably Ms. Hildebrand, gave him what he wanted. Specifically, Officer Sherrard conveyed the message, "If he did not get what he wanted then the lawyer would not get what she wanted." (Doc. 138-2 at 6).

David Walter, counsel for several of the defendants, attempted to resolve the matter that morning by sending Plaintiff a handwritten letter through Lt. Michael Turner. When Plaintiff refused to accept the letter, Lt. Turner advised Plaintiff that the letter was in reference to his scheduled deposition, and that if he continued to refuse to appear for his deposition, defense counsel would ask the Court to dismiss his case. Plaintiff responded by telling Lt. Turner, "That's what I want them to do." The letter, attached as an exhibit to the Motion for Sanctions (Doc. 138), warns Plaintiff further that a motion for sanctions would be filed seeking dismissal and an order for him to pay costs and attorney fees if he refused to attend his deposition. The letter ended by stating, "We do not want to have to do this. Thus, would you please appear for your deposition?" (Doc. 138-2 at 19).

2

After Lt. Turner informed those present at the deposition of Defendant's actions, Defendants' counsels swore in both Lt. Turner and Officer Sherrard as witnesses and took their sworn deposition detailing the facts as stated above. Defense counsel Heidi Hildebrand further advised the Court in her client's Motion for Sanctions (Doc. 138) that this is the third time Plaintiff has refused to appear for his deposition the first time Ms. Hildebrand tried to take it, although the other two times were in other cases. In those cases, Plaintiff was warned that refusing to appear for his deposition could result in dismissal of his action.

In October 2007, Defendants filed the instant motions seeking sanctions for Plaintiff's refusal to attend his noticed deposition. Specifically, Defendants seek dismissal of Plaintiff's action for failure to prosecute, or alternatively, the following sanctions: refusal to allow Plaintiff to support designated claims, barring Plaintiff from introducing designated matters into evidence, requiring Plaintiff to pay reasonable expenses, including attorney's fees, caused by his failure to attend his deposition, and ordering Plaintiff to attend and answer questions at his deposition. Defendants' motions are supported by affidavits, deposition transcripts, and correspondence letters.

Plaintiff's response is contained in two documents. First, Plaintiff filed a letter with the Court dated October 16, 2007, in which he admits refusal to attend his deposition and explains that he refused because Paralegal Joanna Hosch, a non-defendant in this matter, had confiscated all of his legal documents that he needed for his deposition. Second, Plaintiff filed a Response (Doc. 158) on November 16, 2007, attaching several letters received from Defendants prior to his scheduled deposition.

In his official Response (Doc. 158), he states that "Defendants was (sic) well aware of Plaintiff needing his legal papers in order to fully participate in the taking of his deposition and

3

these (2) two (sic) attorneys refused to admonish staff to return my papers that was (sic) illegally confiscated." (Doc. 158 at 3). Plaintiff also attached to his Response several letters from Defense counsel made in response to requests by Plaintiff. Although Plaintiff failed to attach a copy of the letters he directed toward Defendants, the responses appear to be in response to Plaintiff's complaints about his papers being taken away from him. One of these letters, dated September 21, 2007, states as follows:

> Dear Mr. White:
>
> Thank you for your letter dated September 21, 2007. I do not work for the Illinois Department of Corrections and I am unable to help you address your concerns with the Law Library staff at Tamms Correctional Center. If, however, you believe that your ability to access the courts in this case is being interfered with, such that you cannot meet a deadline or the like, please send me a sworn statement to that effect, detailing the manner in which you are attempting to access the courts, and the way in which you are being interfered with, and perhaps I can help you by agreeing to allow you additional time. Since neither I nor Theresa Powell work for the Illinois Department of Corrections or have any control over the Law Library staff, we do not believe that a phone conversation concerning this issue would be of any benefit.

(Doc. 158-2 at 2). Another letter from Defense counsel, dated September 19, 2007, informs Plaintiff that "Neither I, nor the Defendants who I represent, have any control over Paralegal Assistant Hosch. Thus, I am unable to help you in your request to have certain items returned." (Doc. 158-2 at 4).

## II. CONCLUSIONS OF LAW

Rule 37(d) authorizes a court to impose sanctions, including dismissal, for a party's failure to appear for their deposition. FED. R. CIV. P. 37(d). The Rule also requires that the Court must, in addition to any other sanctions imposed, require the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

substantially justified or other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(d)(3).

There is no doubt that Plaintiff refused to attend his properly noticed deposition of October 16, 2007. Despite repeated requests to attend his deposition and repeated warnings that failing to do so could result in sanctions, including dismissal, Plaintiff willingly refused to appear. Sanctions must, therefore, be imposed unless Plaintiff comes forth with evidence demonstrating that he was substantially justified in refusing to attend his deposition. The undersigned concludes that Plaintiff has failed to establish any justification for his actions.

Plaintiff's explanation that his refusal was justified because his legal papers were confiscated by a non-defendant paralegal and that he believed needed them in order to participate in his deposition is wholly unpersuasive. Plaintiff should have attended his deposition without his legal papers or moved for a Rule 26(c) protective order prior to the date of the conference. Further, Plaintiff was notified well in advance of the scheduled deposition that Defendants had no control over the actions of a non-defendant paralegal to return Plaintiff's allegedly confiscated papers. Plaintiff's total refusal to attend his deposition or even discuss the matter with Defendants, as illustrated by his refusal to accept a letter from defense counsel, warrants sanctions.

The undersigned respectfully declines to recommend dismissal of this action as a sanction at this time, however, but only because the Court believes it is required to first give Plaintiff an explicit warning that failing to attend his properly noticed deposition will result in dismissal of his action. Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir. 1993). Even though Plaintiff appears to have been warned in previous cases that failure to attend his deposition would result

in dismissal of his case, the Court does not believe this is adequate under Seventh Circuit precedent to justify outright dismissal at this time.

The undersigned does, however, **ORDER** Plaintiff to submit to a properly noticed deposition by Defendants within thirty days of the date of this Report and Recommendation. Plaintiff is **WARNED** that failure to appear and actively participate in his deposition will likely result in the dismissal of this action, with prejudice, for failure to prosecute.

Although the undersigned does not recommend dismissal, he does **RECOMMEND** that the following **SANCTIONS** be imposed:

- That Plaintiff **SHALL** pay to Defendants reasonable expenses associated with his failure to attend his deposition on October 16, 2007, to be determined by the Court after Defendants submit an itemized bill of costs to the Court.
- That Plaintiff be **WARNED** that failure to pay this amount by a date certain will result in the dismissal of this action, with prejudice.

In recommending that the costs associated with Plaintiff's failure to attend his deposition be awarded to Defendants, the undersigned does not find that other circumstances make awarding expenses unjust. Plaintiff has not presented any convincing reason why he should not be sanctioned for failing to attend his deposition, and levying monetary sanctions against prisoner plaintiffs may be the only effective way to prevent this type of behavior in future cases.

## II. CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Motions for Sanctions (Docs. 136, 138) be **GRANTED IN PART and DENIED IN PART,** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 22, 2008**

                *s/ Donald G. Wilkerson*
                **DONALD G. WILKERSON**
                **United States Magistrate Judge**