# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNIE D. WHITE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 05-cv-594-MJR ) |
| CHARLES ROPER, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Before the Court is Plaintiff's "Motion for Reconsideration on Merit Review of 42 U.S.C. 1983 Complaint on Counts 1, 3, 10, 11, [and] 14" (Doc. 140).

On February 26, 2007, after conducting a preliminary review of Plaintiff's amended complaint, this Court issued a Memorandum and Order dismissing various counts of the amended complaint including Counts 1, 3, 10, 11, and 14. *See* (Doc. 36). Other Counts of the amended complaint, however, survived threshold review and the surviving claims were referred to the Honorable Donald G. Wilkerson, United States Magistrate Judge, for further pre-trial proceedings.

On October 29, 2007, some eight months after the Court issued its Memorandum and Order, Plaintiff filed the instant motion to reconsider. In his motion, Plaintiff contends that this Court erred in dismissing Count 1 of the amended complaint. Count 1 asserted that conditions at Tamms Correctional Center were unconstitutional. Specifically, Plaintiff argues that he did name the defendants responsible for denying him his constitutional rights in the amended complaint. The Court, however, did *not* dismiss Count 1 because Plaintiff failed to name the defendants responsible

for denying him his rights, but because the *factual allegations* concerning Count 1 "were too general to state any claims under § 1983 because they do not indicate that Plaintiff, personally, was deprived of any constitutional right." *See* (Doc. 36). Therefore, Plaintiff's motion to reconsider the dismissal of Count 1 of the amended complaint is **DENIED.**

Plaintiff claims that the Court wrongfully dismissed Count 3 of the amended with prejudice. Count 3 of the amended complaint claimed that certain Defendants had violated Plaintiff's right to due process of law when they failed to report an alleged sexual assault. Plaintiff argues that dismissal of Count 3 should have been without prejudice because "Plaintiff should have [claimed a] violation of the 14th amendment for health and physical safety of all staff involved." The Court, however, did consider the Fourteenth Amendment Due Process aspect of this claim. Specifically, the Court stated that it "knows of no federal reporting requirement regarding documentation of sexual assualt of prisoners." *See* (Doc. 36). In short, the alleged failure of the Defendants to report the alleged sexual assault did not deprive Plaintiff of any liberty or property interest protected by the Fourteenth Amendment. Consequently, the amended complaint did not state a Fourteenth Amendment due process of law claim. Plaintiff's attempt to re-style his claim "for the health and physical safety of all staff" is in vain. As a prisoner, Plaintiff has no standing to assert claims based on the "health and safety" of the staff at Tamms. Therefore, Plaintiff's motion to reconsider the dismissal of Count 3 of the amended complaint is **DENIED**.

Plaintiff contends that the Court erred in dismissing Count 10 of the amended complaint which asserted that several defendants were deliberately indifferent to his serious mental health needs. With regard to Count 10, the Court's Memorandum and Order noted that

> Plaintiff . . . submitted approximately 450 pages of his mental health records spanning more than five years prior to the filing of the

2

> complaint . . . [and] [t]hese records indicate that Plaintiff has received frequent treatment by mental health staff at Tamms, both at times of crisis and in ongoing therapy, which was stopped in 2005, not because Defendants believed Plaintiff did not have mental health needs, but because Plaintiff began refusing to attend.

*See* (Doc. 36). In his motion to reconsider, Plaintiff contends that he did not receive *any* mental health in 2005. Whether Plaintiff received even one day of treatment in 2005 or no days of treatment in 2005 is irrelevant. The fact remains that the records submitted by Plaintiff demonstrate that Plaintiff has been provided extensive mental health treatment. Therefore, Plaintiff's motion to reconsider the dismissal of Count 10 of the amended complaint is **DENIED.**

Plaintiff claims that the Court erred in dismissing Count 11 of the amended complaint because he was not just threatened with wearing a "spit hood," but actually required to wear the "spit hood" for over seven months. Upon review of the amended complaint, the Court again notes that the allegations referred only to ***threats*** to use a "spit hood." As such, Plaintiff appears to be attempting to further amend his amended complaint. However, if Plaintiff wishes to amend his complaint to assert a claim that he was actually required to wear a "spit hood" he must comply with the applicable Federal Rules of Civil Procedure and the Local Rules. Therefore, Plaintiff's motion to reconsider the dismissal of Count 11 of the amended complaint is **DENIED.**

Plaintiff asserts that the Court wrongfully dismissed Count 14 of the amended complaint which claimed that Plaintiff had been denied access to the Courts because he had been denied photocopies so he could file his federal complaint. In its Memorandum and Order, the Court noted that "Plaintiff cannot seriously contend that he has been denied access to photocopies or that restrictions placed on his photocopying have violated his access to courts . . .[because] Plaintiff has filed approximately **1,500 pages** of his documents in the action." *See* (Doc. 36) (emphasis in

original).  Additionally, the Court notes that Plaintiff has failed to alleged that he has suffered actual prejudice to a non-frivolous claim resulting from the restrictions placed on his photocopying.  *See Lewis v. Casey*, 518 U.S. 343, 352-53 (1996) (an inmate has no "access to the courts" claim unless he can demonstrate that a non-frivolous legal claim has been actually frustrated or impeded). Therefore, Plaintiff's motion to reconsider the dismissal of Count 14 of his amended complaint is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 7th day of October, 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**