IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DONNIE D. WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 05-cv-0594-MJR |
| | ) | |
| **CHARLES L. HINSLEY, CHARLES ROPER, MICHAEL TURNER, ROBERT BENNEFIELD, JOHN SHERROD, KEITH R. BENNEFIELD, CHARLES BLANKENSHIP, ROBERT NEWELL, ERIC PLOTT, MICHAEL R. HAWKINS, MICHAEL SMITH, JAMES CHILDERS, JAMES WATKINS, DOUGLAS MASON, GENE SIMPSON, MICHAEL HUDSON, MASSEY, FRANK RICE, KENTON R. MARTIN, YOLANDA M. IVORY, TERRY CALIPER, MARVIN POWERS, JANE SIMMONS, TWYLA WALTON, KATHERINE CLOVER, DAVID K. MITCHELL, HAROLD CRIPPEN, C/O BERNARD and C/O VICKS,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

In this lawsuit, Donnie White (currently confined at Tamms Correctional Center) alleges numerous civil rights violations committed by Tamms Correctional Officers and contract medical personnel who were acting under the direction and authority of the State of Illinois.

On January 21, 2009, United States Magistrate Judge Donald G. Wilkerson denied White's motion for entry of a revised scheduling and discovery order, which White contended was necessary for him to complete discovery. Frustrated with that ruling, White now appeals Judge

-1-

Wilkerson's order to the undersigned District Judge.

**28 U.S.C. § 636** and **LOCAL RULE 72.1 OF THE SOUTHERN DISTRICT OF ILLINOIS** authorize United States Magistrate Judges to rule on motions and conduct proceedings in prisoner cases filed under **42 U.S.C. § 1983**. If a Magistrate Judge has ruled on a non-dispositive matter, any party may file for reconsideration of that ruling within ten days after issuance of the Magistrate Judge's Order. *See* **28 U.S.C. § 636; SDIL-LR 73.1(a).**

In the case at bar, Magistrate Judge Wilkerson denied White's motion on January 21, 2009, and White timely appealed that order on February 4, 2009. Accordingly, this District Judge will reconsider the matter and set aside any portion of Magistrate Judge Wilkerson's Order which is clearly erroneous or contrary to law. **28 U.S.C. § 636(b)(1)(A)("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.")**. A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." ***Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364 395 (1948))**. "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." ***Weeks v. Samsung Heavy Industries Co. Ltd.*, 126 F.3d 926, 943 (7th Cir . 1997)**. "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have not chosen the other view." ***Westefer v. Snyder,* 472 F.Supp.2d 1034, 1037 (S.D.Ill. 2006) (citations omitted)**. The question, then, is whether Judge Wilkerson's January 21 Order rejecting White's motion for entry of a revised scheduling order was

clearly erroneous or contrary to law.

In White's motion, he notes that, although this matter was filed on August 15, 2005, counsel was not appointed for him until November 7, 2008.[1] White's counsel has reviewed the extensive pleadings, met with him and secured most (but not all) discovery materials produced by the Illinois Department of Corrections. White submits that discovery materials show that, while he sat for a deposition taken by Defendants, he has not sought the deposition of any Defendant. Furthermore, he contends that he has not propounded adequate written discovery to prepare his case for trial. According to White, in the absence of adequate discovery, his ability to meaningfully respond to pending summary judgment motions will be substantially impaired.

Defendants, Marvin Powers, Katherine Clover and Twyla Walton, respond that White's motion is untimely because he has had ample time to conduct discovery in this case. Defendants contend that White's counsel is in no different position than many other counsel who are appointed to represent inmates after the completion of discovery.

Magistrate Judge Wilkerson gave no explanation on the record for his denial of White's motion. Defendants do not contend that any of White's assertions regarding the adequacy of discovery are incorrect - only that ample time has passed for such discovery.

Because no Defendant has been deposed and insufficient written discovery has been propounded, it appears that discovery has been inadequate to prepare this case for trial and to allow White to respond meaningfully to pending motions for summary judgment. In sum, the undersigned

---

[1]Late appointment of counsel is not White's fault. Just weeks after White filed his case, he requested counsel, but the motion was denied (Docs. 7, 22). A subsequent request for appointment of counsel was also denied (Docs. 82, 97). No action was taken on White's "response" to this latter order (Doc. 116).

Judge is left with a definite and firm conviction that a mistake has been made and that Judge Wilkerson's order denying entry of a revised scheduling and discovery order is clearly erroneous.

White also raises the issue of amending his complaint to properly plead claims that were dismissed without prejudice in the Court's February 26, 2007 Order (Doc. 36). The Court will not consider this issue because that relief was not sought in the original motion before Judge Wilkerson. However, the Court wishes to point out that, in November, 2007, the Court of Appeals for the Seventh Circuit significantly clarified the manner in which the district court must analyze multi-claim, multi-defendant § 1983 prisoner cases with respect to joinder of parties and claims under Federal Rules of Civil Procedure 18 and 20. ***See George v. Smith*, 507 F.3d 605 (7th Cir. 2007)**. The Seventh Circuit's primary concern in *George* was that district courts should not allow prisoner plaintiffs to proceed in one action on multiple, unrelated claims in an effort to avoid having to pay multiple filing fees or having a strike awarded. Indeed, it is very unlikely that the instant action would have proceeded in its current form if it had not been well underway before *George* was decided.[2] Clearly, at that point, judicial economy weighed in favor of proceeding without complete severance of claims. A motion for leave to amend White's complaint would be carefully scrutinized under the *George* standard.

For these reasons, the Court **GRANTS** Plaintiff Donnie White's appeal of Magistrate Judge Wilkerson's decision and **VACATES** the January 21, 2009 Order (Doc. 284) insofar as it denied White's motion for entry of revised scheduling and discovery order (Doc. 279). The parties are **DIRECTED** to contact Judge Wilkerson's chambers to arrange a Rule 16 conference in order

---

[2]On the day that *George* was decided, 152 documents had already been filed in this action.

to revise the scheduling and discovery order to permit White to take adequate discovery on his claims.

**IT IS SO ORDERED.**

**DATED this 5th day of March, 2009**

<u>**s/Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**